# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2007**

Charles R. Fulbruge III
Clerk

No. 05-40611

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARL LEE JACKSON, JR., also known as Patches

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-116-6

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to conspiracy to manufacture, distribute, or possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, Carl Lee Jackson was sentenced, inter alia, to 48-months imprisonment, to run consecutive to his state sentences for related conduct. Jackson challenges his sentence as being unreasonable, contending Sentencing Guidelines § 5G1.3(b)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(sentencing adjustment for related state sentences) should have been applied in the light of his sentences for related state offenses. AFFIRMED.

I.

In his plea agreement, Jackson waived his right to appeal, with the exception of, inter alia, any upward departure from the sentencing-guidelines range. The district court considered the time Jackson had been imprisoned for state offenses related to the instant federal conviction: a completed 68-month sentence and 15 months of an undischarged 48-month sentence on eight state convictions. Jackson's offense level of 27 and criminal history category of II yielded a guidelines range of 78 to 97 months' imprisonment. He was sentenced, inter alia, to 48 months, to be served consecutively to any state sentence he had served, or was serving.

II.

As a threshold matter, the Government does not contend that this appeal is barred by Jackson's appeal waiver. Therefore, his appeal is not barred.

Jackson contends the district court should have applied § 5G1.3(b), as requested at sentencing, which would require his sentence to run concurrently with his state sentence and be adjusted for time already served for related state offenses. Along that line, he maintains the district court's not doing so resulted in an upward departure and an unreasonable sentence, considering his state and federal sentences could total far in excess of the top of his sentencing-guidelines range (97 months).

Jackson does not contend application of § 5G1.3(b) is mandatory, and this court has not so held. United States v. Bell, 46 F.3d 442, 446 (5th Cir. 1995); see United States v. Candia, 454 F.3d 468, 474-75 (5th Cir. 2006) (considering

U.S.S.G. § 5G1.3(c)). Nor does Jackson claim his guidelines range was improperly calculated.

The district court's application of the guidelines is reviewed de novo; its findings of fact, for clear error. E.g., United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). Ultimate sentences are reviewed for reasonableness. E.g., United States v. Booker, 543 U.S. 220, 261-62 (2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). This reasonableness inquiry is guided by the factors in 18 U.S.C. § 3553(a); the sentence is not required to fall within the guidelines range. Mares, 402 F.3d at 519. "[W]hen the judge elects to give a non-Guideline sentence, she should carefully articulate the reasons she concludes that the sentence she has selected is appropriate". Id.

The district court considered § 5G1.3(b) and noted that the 48-month consecutive sentence exceeded the guidelines range. It stated reasons for imposing the sentence, including Jackson's long history as a crack dealer and the need for an adequate deterrent to future criminal conduct. The sentence was reasonable.

## III.

For the foregoing reasons, the judgment is AFFIRMED.