*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0499p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

No. 07-5129

ALANDUS T. LANE,

        *Defendant-Appellant.*

>

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 06-20222—Jon Phipps McCalla, District Judge.

Submitted: December 14, 2007

Decided and Filed: December 20, 2007

Before: KEITH and CLAY, Circuit Judges; HOOD, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** T. Clifton Harviel, Jr., HARVIEL LAW OFFICE, Memphis, Tennessee, for Appellant. Camille R. McMullen, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

_____

## OPINION

_____

    CLAY, Circuit Judge. Defendant Alandus T. Lane appeals his sentence of 68 months imprisonment, imposed after his conviction for wire fraud, arguing that the district court erroneously failed to calculate his advisory Guidelines sentence to credit nine months which he has already served pursuant to an undischarged sentence. According to Defendant, even though the district court correctly recognized the Guidelines as advisory and departed upward from the Guidelines at sentencing, the district court still committed reversible error under 18 U.S.C. § 3742(f) by calculating an incorrect advisory Guidelines sentence. Because the record reflects that Defendant's sentence was not imposed "'as a result of' a misapplication of the Guidelines," we **AFFIRM** the sentence of 68 months. *Williams v. United States*, 503 U.S. 193, 203 (1992) (quoting § 3742(f)(1)).

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## STATEMENT OF FACTS

Defendant Alandus T. Lane was a ringleader in a wire fraud scheme in which Defendant and his co-conspirators would trick their victims into revealing personal identifiers and then use this information to fraudulently make purchases or transfer money out of the victims' credit accounts. On July 6, 2005, Defendant was indicted, along with three other defendants, on 23 counts related to this scheme. Defendant pled guilty to three counts of this indictment, and was sentenced to 51 months imprisonment.

Subsequent to this conviction, the prosecution discovered that Defendant had recruited an additional co-conspirator into the same wire fraud scheme. On June 14, 2006, a federal grand jury returned a second indictment against Defendant and this newly discovered co-defendant which encompassed additional acts of wire fraud committed by the new co-defendant. Defendant pled guilty to one count of this indictment, and received a sentence of 68 months, to run concurrently with his prior sentence.

In imposing this sentence, the district court first noted that Defendant has numerous prior criminal convictions, resulting in 31 criminal history points under the Guidelines. As the district court noted, only 13 points are required to place a defendant in the highest criminal history category. While the proper Guidelines sentence for a person who committed Defendant's offense and who is in the highest criminal history category is 41 to 51 months, the sentencing judge believed that a person with Defendant's unusually long criminal record should receive a longer sentence. Accordingly, the district court determined Defendant's sentence by applying an additional four point enhancement to Defendant's offense level, resulting in a sentencing range of 63 to 78 months. Relying upon this enhanced range, the sentencing judge determined 68 months to be the appropriate sentence.

After the sentencing judge explained this rationale, the probation officer reminded him that Defendant had already served more than nine months of his sentence for his previous wire fraud conviction, and that these nine months could be credited to Defendant's sentence in the instant case, thus resulting in a final sentence of only 59 months. While the sentencing judge admitted to having "second thoughts" about whether or not to apply this credit, he ultimately concluded that, because of the likelihood of recidivism in this case, a sentence of 68 months best served 18 U.S.C. § 3553's goal of protecting the public from further crimes of the defendant. (J.A. 42.) Furthermore, the sentencing judge indicated that he had read the presentence report in this case, which correctly calculated the Guidelines sentence, but thought that such a sentence was "problematic," and "really won't meet all the requirements or all the statutory factors as well as the sentence that I have already articulated." (J.A. 41-42.) Accordingly, the district court did not credit Defendant the nine months he had already served and ultimately imposed an above-Guidelines sentence of 68 months.

## DISCUSSION

### *Standard of Review*

A district court's interpretation of the advisory Guidelines is reviewed *de novo*. *United States v. Duckro*, 466 F.3d 438, 444 (6th Cir. 2006). Nevertheless, once the advisory Guidelines sentence has been determined, this advisory sentence is only one of several factors which a district court must consider at sentencing. § 3553(a). The question of whether the sentence ultimately imposed properly accounts for the factors listed in § 3553(a) is reviewed for reasonableness. *Duckro*, 466 F.3d at 444. Reasonableness has two components: substantive and procedural, both of which are reviewed for abuse of discretion. *Gall v. United States*, — S.Ct. —, No. 06-7949, 2007 WL 4292116, at *7 (Dec. 10, 2007). When reviewing a sentence for procedural reasonableness, we must hold that a district judge abused his or her discretion if he or she "committed [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range,

treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."[1] *Id.*

### *Analysis*

In weighing Defendant's claim, it is worth noting what he does not argue on appeal. Defendant does not allege that his 68 month sentence is substantively unreasonable. Nor does Defendant raise a constitutional challenge to the prosecution's decision to re-indict him after he had already been tried and convicted for crimes arising from the same criminal transaction. Rather, Defendant's sole claim on appeal is that the district court committed reversible error when it failed to calculate the advisory Guidelines sentence in this case by failing to credit him the nine months he had already served on his prior wire fraud conviction.[2] According to Defendant, "[e]ven though the Supreme Court declared the Guidelines advisory in *Booker*, the Circuit is still required to remand for resentencing if the District Court misapplies the Guidelines. (Defendant's Br. at 13.) We disagree.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court declared unconstitutional § 3742(e) which requires a Court of Appeals to treat the Guidelines as mandatory. *Id.* at 245. Nevertheless, "[t]he remainder of [§ 3742] 'functions independently,'" and therefore remains untouched by *Booker. United States v. Milan*, 398 F.3d 445, 456 (6th Cir. 2005) (quoting *Booker*, 543 U.S. at 265). Under § 3742(f), a Court of Appeals must remand a sentence for further proceedings when it is "imposed as a result of an incorrect application of the sentencing guidelines." § 3742(f). Furthermore, the Sentencing Guidelines state that "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment . . . ." U.S. Sentencing Guidelines Manual § 5G1.3 (2006). Accordingly, Defendant argues that because the district court did not reduce his advisory Guidelines sentence by the nine months he had already served, § 3742(f) compels this Court to remand his case for additional proceedings.

Section 3742(f) only applies when a sentence is applied "*as a result of* an incorrect application of the sentencing guidelines." § 3742(f) (emphasis added). In *Williams v. United States*, 503 U.S. 193 (1992), the Supreme Court held that "[w]hen a district court has intended to depart from the guideline range, a sentence is imposed 'as a result of' a misapplication of the Guidelines if the sentence would have been different but for the district court's error." *Id.* at 203. Although *Williams* was decided more than a decade prior to *Booker*, § 3742(f), upon which *Williams* relied, "remain[s] valid law." *United States v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005). Accordingly,

---

[1] Sentencing judges should note that substantive and procedural reasonableness are both exclusively appellate standards of review. *See Gall*, 2007 WL 4292116, at *7 ("[T]he *appellate* court must . . . first ensure that the district court committed no significant procedural error . . . . [T]he *appellate* court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." (emphasis added)) The standard that district judges should apply at sentencing is described elsewhere in the *Gall* opinion. *See id.* ("[A] *district court* should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . . [A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the *district judge* should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party." (emphasis added)).

[2] Defendant also does not expressly allege that his sentence is procedurally unreasonable. That is, he does not argue that "the district judge fail[ed] to consider the applicable Guidelines range or neglect[ed] to consider the other factors listed in 18 U.S.C. § 3553(a) . . . ." *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006); *see also Gall*, 2007 WL 4292116, at *7 ("[The court of appeals] must first ensure that the district court committed no significant procedural error . . . ."). Nevertheless, because Defendant's claim that the sentencing judge miscalculated his advisory Guidelines sentence necessarily raises an inference that "the district judge fail[ed] to consider the applicable Guidelines range," the procedural reasonableness of Defendant's sentence is discussed below. *See United States v. Lalonde*, — F.3d —, No. 06-4536, 2007 WL 4321998, at *11 (6th Cir. Dec. 12, 2007) ("On appeal, we must ensure that the district court properly calculated the advisory Guidelines range as part of its overall consideration of the § 3553(a) factors.").

we must "endeavor to apply [§ 3742(f)] while taking *Booker* into account." *Id.* Taking *Booker* into account, a sentencing judge violates *Booker*, "if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006). Therefore, while *Williams* does not require this Court to remand the instant sentence unless the district court would have imposed a different sentence but for an erroneous application of the Guidelines, 503 U.S. at 202, *Booker* requires us to remand if the district court "fail[ed] to consider" the correct Guidelines range. *Ferguson*, 456 F.3d at 664.

The district court violated neither *Williams* nor *Booker* in imposing an above-Guidelines sentence on Defendant. As the record indicates, the district court initially determined that Defendant's advisory Guidelines range would be 41 to 51 months, the correct range were Defendant not entitled to credit for the nine months he had already served. After considering each of the § 3553(a) factors, however, the district court determined that an upward departure was warranted, and held that a 68 month sentence "is more appropriate in light of all the facts and circumstances" of Defendant's case. (J.A. 35-39.) This determination, however, was not the end of the district court's consideration. After the sentencing judge announced his intention to impose a 68 month sentence, the probation officer reminded the judge that Defendant had already served nine months on his prior wiretapping conviction, and informed the sentencing judge that the court could give Defendant credit for this time previously served. In response, the sentencing judge explained that he thought the presentence report, which recommended a Guidelines sentence of 41 to 51 months minus time already served, was "problematic." (J.A. 41.) Furthermore, the sentencing judge said that he "wanted to be clear" that he had "definitely considered" whether to apply the Guidelines range as determined by the presentence report, "but [he had] determined that under 18 U.S.C., Section 3553, it really won't meet all the requirements or all the statutory factors as well as the sentence that I have already articulated." (J.A. 42.)

In light of this record, it is clear both that the district court did not impose a different sentence "as a result of" its earlier determination that the appropriate Guidelines sentence was 41 to 51 months, *Williams*, 503 U.S. at 203, and that the sentencing judge did not "fail[] to consider the applicable Guidelines range." *Ferguson*, 456 F.3d at 664. Rather, the record indicates that, even when the probation officer reminded the sentencing judge that the 68 month sentence did not account for the nine month credit required under the Guidelines, the sentencing judge stated that he would still impose this sentence *in spite of* the appropriate Guidelines range. Furthermore, the sentencing judge indicated that he had read the presentence report, which correctly calculated the Guidelines range, but made an informed decision to depart from this range after considering the § 3553(a) factors. We hold that this sentencing procedure is consistent both with *Williams* and with *Booker*, and therefore affirm the sentence of 68 months.

## CONCLUSION

For the foregoing reasons, Defendant's sentence of 68 months is **AFFIRMED**.