# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-11036
Conference Calendar

GERALD COTTON

Petitioner-Appellant

v.

REBECCA TAMEZ, Warden, Federal Correctional Institution - Fort Worth

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-440

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gerald Cotton, federal prisoner # 18329-051, is currently serving a 108-month sentence imposed by the United States District Court for the District of New Mexico following his guilty plea conviction for being a felon in possession of a firearm, providing a false statement in acquisition of a firearm, and providing a false statement in a firearms transaction. Cotton appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he challenged the manner in which his sentence was executed. Pursuant to U.S.S.G. § 5G1.3,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court ordered that Cotton's 108-month federal sentence be served concurrently with a previously imposed 10-year state sentence for violation of probation. Cotton argues that the Bureau of Prisons did not properly credit him for the time he spent in state custody prior to the commencement of his federal sentence and that the district court could have adjusted his sentence under § 5G1.3, but failed to do so.

"[A] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). Here, however, the period of time for which Cotton seeks credit against his federal sentence was credited against his state sentence. Thus, the Bureau of Prisons properly determined that Cotton was not entitled under § 3585(b) to a credit for the time he spent serving his state sentence.

Further, whether the sentencing court should have reduced Cotton's sentence pursuant to § 5G1.3(b) is an issue that challenges the correctness of the sentence, and therefore Cotton is not entitled to proceed under § 2241 unless he can demonstrate that he is entitled to relief under the "savings clause" of 28 U.S.C. § 2255(e), which he has failed to do. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Accordingly, the district court's judgment is AFFIRMED.