**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-40360

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JULIAN ESTRADA

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas, Laredo Division
No. L-07-890

Before KING, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Julian Estrada appeals the district court's imposition of a 110-month sentence after he pleaded guilty to eight counts of being a felon in possession of a firearm. Estrada came into possession of these firearms during the burglary of a home. At the time of sentencing, Estrada had already served 18 months of a related seven-year state sentence for burglary of a habitation and theft. Estrada argues that the district court committed a procedural error in calculating his Guideline sentence when it denied his request to credit those 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months against his federal sentence pursuant to U.S.S.G. § 5G1.3(b). For the reasons stated below, we affirm Estrada's sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2007, Estrada pleaded guilty to eight counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Based on a total offense level of 25 and a criminal history category of VI, Estrada's Guideline sentence range was calculated at 110–137 months. On April 3, 2008, the district court imposed a sentence of 110 months in custody, three years of supervised release, a fine of $2,000, and a special assessment of $100 for each count. After commenting that Estrada's prior criminal history was "excessive" for someone his age, the district court concluded that "given the criminal history, I think a sentence of 110 months is a pretty good deal for you. I mean, that's as best a deal as I think I can possibly make."

Defense counsel then objected to the sentence, arguing that under § 5G1.3(b) Estrada's sentence must be reduced by the 18 months already served on the related state sentence. Estrada did not raise this objection prior to sentencing despite the fact that the presentence report did not mention § 5G1.3(b). The district court overruled the objection and stated that "I'm allowing them to run concurrent. He doesn't start his federal sentence until it's pronounced, and I think in this case by allowing it to run concurrent, it is sufficient."

## II. DISCUSSION

We review the district court's interpretation and application of the Sentencing Guidelines de novo, but we review its factual findings for clear error. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). Whether the sentence is inside or outside of the Guidelines range, we review the reasonableness of a sentence for an abuse of discretion. *United States v.*

*Williams*, 517 F.3d 801, 807–08 (5th Cir. 2008) (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597. If we find no such error, we next "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* We may apply a presumption of reasonableness to sentences within the Guidelines range but may not apply a presumption of unreasonableness to sentences outside the Guidelines range. *Id.* "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Section 5G1.3(b) provides:

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Estrada argues that the district court committed a procedural error in calculating his Guideline sentence because it failed to account for the 18 months

he had already served on his related state sentence pursuant to § 5G1.3(b). The government concedes that § 5G1.3(b) applies to Estrada. However, it asserts that it is not mandatory for the district court to comply with § 5G1.3(b) even when it is applicable. Instead, the government argues that the district court need only consider it as part of the Guidelines and that the court is free to make its own determination of reasonableness based on the 18 U.S.C. § 3553(a) factors.

In a pre-*Booker*[1] case, we stated that "'[a]lthough subsection (b) is mandatory, it is well established in this circuit that the district court retains its discretion to impose a sentence consecutively, even where the guideline applies, by means of a departure.'" *United States v. Rangel*, 319 F.3d 710, 713 (5th Cir. 2003) (quoting *United States v. Bell*, 46 F.3d 442, 446 (5th Cir. 1995)). The district court must justify such a departure from §5G1.3(b) "'in terms of the policies underlying the sentencing guidelines.'" *Id.* at 715 (quoting *United States v. Anderson*, 5 F.3d 795, 803 (5th Cir. 1993)).

We have discussed this issue in two post-*Booker* cases. In *United States v. Figueroa*, 215 F. App'x 343 (5th Cir. 2007), the district court never addressed the defendant's request for a credit pursuant to § 5G1.3(b) at the sentencing hearing or in the judgment. We concluded that although *Booker* provided greater flexibility in sentencing, it did "not nullify § 5G1.3(b), and when that section applies, sentencing judges must include its dictates in the calculation of the proper guideline sentence." *Id.* at 344. In a footnote, we expanded: "We need not, and do not, consider whether sentencing courts must, under *Booker*, follow § 5G1.3(b) and subtract the time served. We conclude only that courts must include the calculation required by this section when determining the proper guideline sentence." *Id.* at 344 n.1.

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

In *United States v. Jackson*, 247 F. App'x 579 (5th Cir. 2007), the defendant did not argue that his Guideline range was improperly calculated and we reviewed the sentence only for reasonableness. We concluded that the sentence was reasonable because the district court had "stated reasons for imposing the sentence, including [the defendant's] long history as a crack dealer and the need for an adequate deterrent to future criminal conduct." *Id*. at 581.

Thus, we must now determine whether the district court "include[d] the calculation required by [§ 5G1.3(b)] when determining the proper guideline sentence." *Figueroa*, 215 F. App'x at 344 n.1. Even though it was not mandatory for the district court to comply with § 5G1.3(b), the court was still required to consider that subsection as part of its determination of a reasonable sentence. The district court could have determined that 110 months was an appropriate sentence as long as it considered reducing the sentence pursuant to § 5G1.3(b) and justified the exercise of its discretion to not apply that subsection. We ordered that the cases be remanded in *Rangel*, *Bell*, and *Figueroa* because the district courts there had not indicated that they were departing from the Guidelines and had failed to express any reasons for such a departure.

The government contends that the district court's consideration of § 5G1.3(b) is evinced by its statement at the sentencing: "I'm allowing them to run concurrent. He doesn't start his federal sentence until it's pronounced, and I'm thinking in this case by allowing it to run concurrent, it is sufficient." Based on this quote, the government argues that the district court considered and rejected as unreasonable a sentence of 18 months less than the 110 months it ultimately imposed. *See United States v. Lane*, 509 F.3d 771, 775–76 (6th Cir. 2007) (affirming an upward departure where a probation officer reminded the district court that the defendant had already served nine months on a related state sentence and the court responded by stating on the record that it would still impose the same sentence in spite of the appropriate Guidelines range).

5

Here, prior to concluding that 110 months was "as best a deal" as it could possibly make, the district court never mentioned § 5G1.3(b) and did not account for it in calculating Estrada's Guideline sentence range of 110–137 months. As described above, this alone does not require remand if the court justified its decision to not comply with § 5G1.3(b).

The government argues that implicit in the district court's conclusion that the sentences running concurrently would be "sufficient" was an application of the § 3553(a) factors. The government points to the district court's earlier discussion of Estrada's lengthy criminal history and its characterization of that history as "unbelievable" for a person of his age as evidence of the court's consideration of the § 3553(a) factors.[2] This supports the government's argument, but we note that §5G1.3(b) was not raised in the presentence report or at any time prior to the discussion of Estrada's circumstances. The court in *Lane* was faced with a similar problem—a late objection based on § 5G1.3(b). There, the district court was explicit in adopting its prior § 3553(a) analysis as the basis of its decision to not apply § 5G1.3(b). Here, after defense counsel raised § 5G1.3(b) for the first time, the district court was not explicit in adopting its earlier analysis of the § 3553(a) factors, but it did so implicitly by concluding that its sentence was still "sufficient" in light of Estrada's § 5G1.3(b) argument. The district court is not required to "engage in robotic incantations that each statutory factor has been considered" or to conduct "a checklist recitation of the § 3553(a) factors." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (internal quotation marks and citations omitted). We conclude that the district court considered whether to give Estrada credit for time served under § 5G1.3(b) but rejected this lesser sentence as unreasonable in light of its prior analysis of

---

[2] As part of this discussion, the district court also considered arguments from defense counsel concerning Estrada's family situation and his problems with drug addiction, which are relevant factors under § 3553(a).

the § 3553(a) factors. Thus, the district court did not commit a procedural error in computing Estrada's Guideline sentence. Having concluded that there was no procedural error, we do not reach the second step of the *Gall* analysis because Estrada did not challenge the substantive reasonableness of his sentence in this appeal.

### III. CONCLUSION

For the reasons stated above, we AFFIRM Estrada's sentence.