**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-10314

LAMAR EDISON, JR.,

Petitioner - Appellant

v.

DAVID BERKEBILE, Warden at Federal Correctional Institution Seagoville,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
3:07-cv-00549-D

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner-appellant Lamar Edison, Jr. ("Edison") appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging the computation of his federal sentence. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 1993, Edison was arrested on drug charges in Gardena, California. On May 20, 1993, he was transferred to the custody of the U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marshals Service ("USMS") pursuant to a warrant issued by the district court in the Southern District of Mississippi. Edison remained in custody until June 4, 1993, when he was released on a secured bond. On July 16, 1993, a federal grand jury in the Southern District of Mississippi returned a two-count indictment charging Edison with drug conspiracy and distribution of crack cocaine for sale. The case was transferred to the district court for the Central District of California. Edison pleaded guilty to the crack-cocaine distribution charge in exchange for dismissal of the conspiracy charge, and remained out on bond. After Edison failed to appear for sentencing, a warrant was issued for his arrest. On December 8, 1994, Edison was arrested in Chicago and convicted for an unrelated drug offense. He remained in state pre-sentence custody until May 12, 1997, when he was sentenced to fifteen years in Illinois state prison. He was given credit towards his state sentence for the time he spent in custody between his arrest in Chicago and the date of his sentencing in Illinois state court.

On September 8, 1997, Edison was transferred to the custody of the USMS pursuant to a writ of habeas corpus *ad prosequendum*. On December 8, 1997, Edison appeared before Judge Rea in the Central District of California and was sentenced to 324 months imprisonment. The judgment and commitment order stated, "Said sentence shall run concurrent to the sentence imposed in [Illinois state court] with no credit for time served prior to the time [Edison] was writted to federal custody." Edison did not appeal the sentence. He was returned to state custody and served the remainder of his state term until December 4, 2001, when he was transferred to the custody of the federal Bureau of Prisons ("BOP") to begin his federal sentence at the Federal Correctional Institution at Seagoville. The BOP calculated Edison's federal sentence as starting on December 8, 1997, the date he was sentenced on his federal conviction, consistent with Judge Rea's order that his federal term be concurrent with his state term.

Edison then filed a petition pursuant to 28 U.S.C. § 2255 in the California district court challenging his federal conviction and sentence. Three of the four claims, none of which are relevant to this appeal, were denied by the California district court as time barred.[1] Edison's fourth claim alleged that the BOP had determined that he was entitled to credit for time served prior to his federal sentence, but that the language of the district court's judgment (denying credit for time served) precluded the BOP from applying the credit against his sentence. The California district court agreed with the Government's assertion that Edison's fourth claim was properly construed as a claim pursuant to 28 U.S.C. § 2241 because Edison questioned whether the BOP correctly calculated his sentence. The California district court transferred the claim to the Northern District of Texas where Edison is incarcerated.

The magistrate judge ("MJ") found that, under normal circumstances, Edison would have been entitled to all of the credit he sought. However, due to the limitation Judge Rea placed on credits given on the federal sentence, the MJ concluded that the BOP had properly denied pre-sentence credit. To the extent that Edison argued that Judge Rea had overstepped his bounds in placing the limitation on credit given for time served, the MJ found that Edison should have made that argument on direct appeal. In addition, the MJ noted that Edison did receive credit for the period December 8, 1997 (the date he was sentenced by Judge Rea) to December 4, 2001 (the date when he was transferred to federal custody to begin serving his federal sentence). The MJ thus recommended that Edison's § 2241 petition be denied and dismissed. The district court adopted the MJ's report and recommendation and denied and dismissed Edison's petition. Edison filed a timely notice of appeal.

---

[1] Edison has never appealed the district court's ruling that these claims are time barred.

## DISCUSSION

Edison asserts that (1) the sentencing court erred in denying him credit for time served prior to Edison's federal conviction; and (2) the BOP erred in giving credence to Judge Rea's denial of the credit for time served prior to his federal sentence. To the extent that Edison attacks the validity of his sentence,[2] his arguments are not within this court's jurisdiction for two reasons. First, Edison failed to challenge the judgment and commitment order on direct appeal.[3] *See* 18 U.S.C. § 3742(a) (permitting appeal by defendants). Second, claims contesting the legality of a sentence are not properly brought under a § 2241 petition absent a showing that the claim may be brought under § 2255's savings clause. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Here, Edison makes no such showing. Accordingly, we consider only whether the BOP erred in giving credence to Judge Rea's denial of the credit for time served prior to Edison's federal sentence.

A.    Standard of Review

In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law *de novo*. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

B.    Parties' Arguments

Edison alleges that he is entitled to an extra 896 days prior-custody credit on his federal sentence for two periods: (1) from May 18, 1993, to June 4, 1993 (the date of his initial arrest in California until his release on bond); and (2) from

---

[2] Edison's *pro se* appellate brief states, "For all the reasons stated above *the sentencing court's decision to deny jail credit in the first place* and the Texas district court's decision to uphold *the sentencing court's arbitrary and capricious denial of jail credit was wrong*." Pet'r's Br. 6 (emphasis added); *see also id.* at 11 (requesting remand to the district court with instructions to order the BOP to recalculate his federal sentence "without consideration to the erroneous judgment and commitment" from the sentencing court).

[3] Edison was represented by counsel during his sentencing.

December 8, 1994, to May 11, 1997 (the date of his state arrest in Chicago until the day before he was sentenced in Illinois). He believes that he should have received that credit pursuant to 18 U.S.C. § 3585(b) and *Willis v. United States*, 449 F.2d 923 (5th Cir. 1971), and that Judge Rea's order denying him that credit was in contravention of § 3585(b).

C.    Applicable Law

"The Attorney General, through the [BOP], determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson*, 503 U.S. 329, 331-32, 334 (1992)). For offenses committed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585(b), which provides in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>     (1) as a result of the offense for which the sentence was imposed; or
>     (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). In other words, federal inmates are not entitled to "double-credit" to both state and federal sentences for time spent in pre-sentence custody. *See id.*

We recognized an exception to the pre-sentence credit rule in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date. When this exception applies, an inmate is entitled to receive *Willis* credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until

the date that the first sentence (state or federal) begins. *See* BOP Program Statement 5880.28, Sentence Computation Manual, 7/19/99, p. 1 - 22 (recognizing the *Willis* exception).[4]

D.    Analysis

   1. *Time Period from May 18, 1993 to June 4, 1993*

Under § 3585(b), Edison would be entitled to pre-sentence credit towards his federal sentence for the 18-day period from May 18, 1993, to June 4, 1993 (the date of his initial arrest in California until his release on bond) because time was served as a direct result of the federal offense for which he was sentenced in the Central District of California, and the time was not credited toward his state sentence. The judgment and commitment order, however, stated that Edison was not entitled to time served before he was writted into federal custody—in this case, before September 8, 1997. Accordingly, the magistrate and district courts correctly concluded that the BOP did not err in denying Edison pre-sentence credit for the time period from May 18, 1993 to June 4, 1993.

   2. *Time Period from December 8, 1994 to May 11, 1997*

Under § 3585(b), Edison would not be entitled to pre-sentence credit towards his federal sentence for the 886-day time period from December 8, 1994 to May 11, 1997 (the date of his arrest in Chicago until the date before he was sentenced in Illinois state court), because the time had previously been credited towards his state sentence. Pursuant to the *Willis* exception, however, Edison would be entitled to the credit because: (1) the time is prior to his federal sentence on December 8, 1997; (2) during the relevant time period he was in state custody; and (3) the relevant time period occurred after May 18, 1993, the date of his federal offense, and before May 12, 1997, the date that his first

_____

[4] BOP Program Statements are available at http://www.bop.gov, via the "Policy/Forms" link.

sentence (in this case, state) began. *See* BOP Program Statement 5880.28, at p. 1 - 22. For the same reasons as noted above, however, Edison is not entitled to credit for the time served pursuant to the sentencing court's commitment and order. Accordingly, the magistrate and district courts correctly concluded that the BOP did not err in denying Edison pre-sentence credit for the time period from December 8, 1994 to May 11, 1997.

## CONCLUSION

For all the foregoing reasons, the judgment of the district court is AFFIRMED.