**Reginald STEVENS, Petitioner–Appellant**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 11–40640**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 30, 2012.

Reginald Stevens, Montgomery, AL, pro se.

Michael Wayne Lockhart, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Beaumont, TX, for Respondent–Appellee.

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM: *

Reginald Stevens, federal prisoner # 12756–035, appeals the district court's denial of his 28 U.S.C. § 2241 petition, arguing that the Bureau of Prisons (BOP) erred in failing to give him credit for time served as ordered by the sentencing court; that the BOP cannot take away that credit; and that under such circumstances, 18 U.S.C. § 3585(b) is inapplicable. The district court did not err in denying Stevens's claim. Under § 3585(b), Stevens was not entitled to credit against his federal sentence for that period because he received credit toward the state sentence he was serving at the time the federal sentence was imposed. *See Cotton v. Tamez,* 283 Fed.Appx. 214, 215 (5th Cir.2008); *Miramontes v. Driver,* 243 Fed.Appx. 855, 856 (5th Cir.2007). Even if it intended to do so, the district court did not have the authority under § 3585(b) to award credit against Stevens's federal sentence for the time he spent in state custody or to order that his federal sentence run absolutely concurrently with his prior state sentence. *See United States v. Wilson,* 503 U.S. 329, 333–37, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

Stevens contends that the Government waived any objection by failing to object or

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal the judgment. Because he raised this argument for the first time on appeal, review is limited to plain error. *See Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). Stevens has not shown that it is clear and obvious under existing law that the Government waived this issue; therefore, he has not shown plain error. *See id.; United States v. Vega,* 332 F.3d 849, 852 n. 3 (5th Cir.2003).

According to Stevens, the BOP's failure to comply with the judgment violated the Separation of Powers Doctrine. Because he raised this issue for the first time on appeal, review is limited to plain error. *See Puckett,* 556 U.S. at 135, 129 S.Ct. 1423. Stevens has not shown that it is clear and obvious under the existing law that the BOP's action violated the Separation of Powers Doctrine; therefore, he has not shown plain error. *See id.; Vega,* 332 F.3d at 852 n. 3.

In addition, Stevens maintains that the sentencing court had the authority to and should have adjusted his sentence pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3. Because this contention challenges Stevens's sentence, Stevens may not raise it a § 2241 proceeding unless he can demonstrate that he is entitled to relief under the "savings clause" of 28 U.S.C. § 2255(e); and he has failed to do so. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000).

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.