# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2020

Lyle W. Cayce
Clerk

No. 18-30287

———————

SYLVESTER SMITH,

　　　　Petitioner - Appellant

v.

CHRIS MCCONNELL, Warden,

　　　　Respondent - Appellee

———————

Appeal from the United States District Court
for the Western District of Louisiana

———————

Before KING, COSTA, and HO, Circuit Judges.

PER CURIAM:

　　In 2016, Sylvester Smith was convicted in federal court of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, plus two counts of unlawful use of communications facilities. He now appeals the execution of his sentence, and principally the Bureau of Prisons' calculation of his sentencing credits. Because Smith has not established reversible error, we affirm the district court's judgment.

## I.

　　As a result of his convictions, Smith was sentenced to 120 months' imprisonment for conspiracy and a concurrent sentence of 48 months for the unlawful use of communications facilities. The sentencing judge stated orally

No. 18-30287

that Smith was "to receive 609 days of credit towards his 120 month[] sentence for the time served" between June 2013 and February 2015 in Louisiana custody. The written judgment, however, said nothing about providing credit toward Smith's federal sentence. An amended judgment was later entered, reflecting 609 days of credit toward Smith's 120-month federal sentence.

As relevant to this appeal, the Bureau of Prisons (BOP) rejected Smith's request for 609 days of credit towards his federal sentence because he had already received this credit towards a previous state sentence. Smith consequently filed for habeas corpus relief in district court, seeking 609 days of credit toward his federal sentence.[1] A magistrate judge recommended that Smith's petition be denied, which the district court affirmed on de novo review after reviewing Smith's objections. This appeal followed.

## II.

Smith raises three arguments on appeal. First, Smith claims that the BOP abused its discretion by refusing to construe his request for custody credit as a request for nunc pro tunc designation. Second, he alleges that the BOP's denial of his custody credit violated Fifth Circuit precedent. Third, Smith alleges that the "BOP and district court erred in concluding that 18 U.S.C. § 3585(b) supersedes and limits a federal sentencing court's authority to impose truly concurrent sentences."

In an appeal of a judgment denying habeas corpus relief, we review findings of fact for clear error and conclusions of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Claims that sentences are illegal are also reviewed de novo. *United States v. Nolen*, 472 F.3d 362, 382 (5th Cir. 2006).

---

[1] To avoid confusion with the district court that denied Smith's habeas corpus claim, the district court that originally sentenced Smith is referred to as the sentencing court.

No. 18-30287

## A.

Pursuant to 18 U.S.C. § 3621(b), the BOP designates the location of a prisoner's confinement. As relevant here, § 3621(b) authorizes the BOP to "indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence" when the federal sentence was imposed before the state sentence. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The record reveals that Smith never specifically requested a nunc pro tunc designation for the time that he spent in state custody. Citing *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), Smith argues that "the Bureau [should] consider[] an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a *nunc pro tunc* designation."

But Smith's federal sentence was imposed after the state sentence, not before. Accordingly, the BOP could not have abused its discretion by not considering the request. And in any event, "a habeas petition requesting a nunc pro tunc designation is not ripe until the BOP makes a final decision on the prisoner's nunc pro tunc request." *Pierce*, 614 F.3d at 160. Because Smith has not established that the BOP has made a final decision on a nunc pro tunc request, his claim has not been administratively exhausted.

## B.

Next, Smith argues that the BOP failed to award him custody credit under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). Smith cites a subsequent case for the proposition that "an inmate is entitled to receive *Willis* credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first

3

sentence (state or federal) begins." *Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009).

But Smith does not dispute that he already received credit for the 609-day period at issue in this appeal. This court has recognized that, under 18 U.S.C. § 3585(b), a prisoner cannot receive credit for time that was already credited toward a state sentence. *Stevens v. United States*, 470 F. App'x 303, 303 (5th Cir. 2012) (citing *United States v. Wilson*, 503 U.S. 329, 333-37 (1992)); *see also* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention . . . that has not been credited against another sentence.").

Moreover, the calculation of credit under § 3585(b) rests with the Attorney General (through the BOP), not with the court that imposed the sentence. *United States v. Binion*, 981 F.2d 1256 (5th Cir. 1992) (citing *Wilson*, 503 U.S. at 333-36) (noting that "district courts have no jurisdiction to grant or deny credits at sentencing" and therefore cannot "consider crediting time previously served"). Consequently, "[b]ecause the district court lacks the authority to award or deny credit, the BOP is not bound by its decision." *In re U.S. Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019). As a result, the BOP did not err by declining to follow the sentencing court's directive.

## C.

Finally, Smith argues that both BOP and the district court erroneously concluded that § 3585(b) "supersedes and limits a federal sentencing court's authority to impose truly concurrent sentences under U.S.S.G. § 5G1.3." He asserts that the sentencing court "*already ordered* . . . that his 120-month

federal term was to run fully concurrent with the 40-month Louisiana term" and that BOP must comply with that order by granting him 609 days of credit.

While a sentencing court may "reduce [a] defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines," the court "must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit." *In re U.S. Bureau of Prisons*, 918 F.3d at 439. And as noted, the BOP cannot grant credit that has already "been credited against another sentence." § 3585(b). The BOP therefore had no legal authority to provide Smith with 609 days of credit, and only BOP, not the district court, had jurisdiction to grant custody credit at all. *Wilson*, 503 U.S. at 334-36. Consequently, the BOP could not lawfully comply with the sentencing court's order.

To the extent that Smith argues that the sentencing court should have imposed a sentence below the statutory mandatory minimum, that also would have been inappropriate. Under 18 U.S.C. § 3553, a district court may impose a sentence below the mandatory minimum upon a motion from the United States, *see* § 3553(e), or under the "safety-valve provision" of § 3553(f). *See Melendez v. United States*, 518 U.S. 120, 125-26 (1996) (stating that § 3553(e) requires a government motion to impose a sentence below the statutory mandatory minimum); *United States v. Miller*, 179 F.3d 961, 964 (5th Cir. 1999) (noting that "[t]he safety valve provision is an exception to the general rule" that the Guidelines' range cannot be lower than the "statutory mandatory minimum sentence").

Here, the record reveals that neither § 3553(e) nor § 3553(f) applies, and granting Smith's request would place his sentence below the statutory minimum. *See* 21 U.S.C. § 841(b)(1)(A). As the magistrate judge observed:

> [T]he [sentencing] judge did not issue a downward departure . . .
> [or] impose a 100-month sentence, which would have credited

No. 18-30287

Smith the 609 days. Rather, the judge ordered Smith to serve 120 months of imprisonment, which is the statutory mandatory minimum for conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine.

Even if Rule 35 allows a defendant to seek a credit based on time served in state prison, Smith's request was not timely under Rule 35. As the sentencing court observed, it "lack[ed] the authority to grant" Smith's request for a reduced sentence under Rule 35(a) because more than 14 days passed between the issuance of the amended judgment and the Rule 35(a) motion.[2] Accordingly, neither the sentencing court nor the district court erred by maintaining Smith's sentence at 120 months.

Because the BOP could not award custody credit to Smith, nor could the sentencing court properly impose a sentence below the statutory minimum consistent with § 3553, the district court below correctly dismissed Smith's motion for habeas corpus.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2] The sentencing court also clarified that an "effective sentence of 100 months" could have achieved the same result as granting Smith's custody credit.