# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2023

Lyle W. Cayce
Clerk

No. 21-30767

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO MONTERO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CR-246-1

Before CLEMENT, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Antonio Montero pled guilty to conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. § 846. The district court sentenced Montero to the mandatory-minimum term of 120 months of imprisonment, "with credit for time

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

served,"[1] and imposed a five-year term of supervised release. After being granted an out-of-time appeal, Montero filed a pro se notice of appeal. We affirm.

Montero's appointed counsel initially filed a motion to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). But we determined that the *Anders* brief did not adequately address three issues: (1) whether Montero was eligible for a safety-valve reduction under 18 U.S.C. § 3553(f); (2) whether the district court was otherwise authorized to sentence Montero below the statutory mandatory minimum; and (3) whether there is any nonfrivolous issue for appeal regarding the district court's failure to advise Montero of the possible immigration consequences he faced if convicted. We ordered counsel to file a supplemental *Anders* brief addressing those issues or, alternatively, a brief on the merits addressing any nonfrivolous issues that counsel deemed appropriate.

Montero's counsel filed a merits brief analyzing the three issues identified in our order. As to the issue regarding notice of the immigration consequences of his conviction, Montero briefed the issue, but he concedes that he cannot make the showing required for plain error. Thus, we address the first two issues only.

First, we address Montero's argument that he is entitled to a safety-valve reduction under 18 U.S.C. § 3553(f). Because he raises this argument for the first time on appeal, our review is for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). But no matter the standard of review,

---

[1] Montero was sentenced in January 2020. Montero indicated during sentencing that he had been in federal custody since October 2018. Thus, the district court apparently intended for Montero to receive over a year of credit for time served.

Montero's safety-valve argument is foreclosed by *United States v. Palomares*, 52 F.4th 640 (5th Cir. 2022).

Section 3553(f), the First Step Act's "safety valve," exempts certain defendants convicted of controlled-substance offenses from mandatory-minimum sentences. Specifically, a defendant who meets the criteria in § 3553(f)(2)–(5) is eligible for safety-valve relief so long as he

does not have—

> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

> (B) a prior 3-point offense, as determined under the sentencing guidelines; and

> (C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

18 U.S.C. § 3553(f)(1).

Montero admits that his criminal history runs afoul of § 3553(f)(1)(B). But, focusing on the "*and*" in the statute, he contends that "a judge [must] find the defendant has violated *all* conditions [in § 3553(f)(1)] in order to be ineligible for the sentence reduction." Because he hurdles the requirements of § 3553(f)(1)(A) and (f)(1)(C), he reasons that he remains eligible for safety-valve relief. But *Palomares*, which was pending when Montero appealed, has foreclosed his argument. In *Palomares*, we held that "criminal defendants [are] ineligible for safety valve relief if they run afoul of *any one* of [the § 3553(f)(1)] requirements." 52 F.4th at 647 (emphasis added). Because Montero admits that his criminal history runs afoul of 18 U.S.C. § 3553(f)(1)(B), his safety-valve argument thus fails.

Next, Montero asserts that though the district court intended to reduce his sentence by the number of days he served in federal custody prior to sentencing, the sentence imposed fails to do so because the district court's

direction that he be given credit for time served is not binding on the Bureau of Prisons (BOP).[2]  As a result, Montero contends, he has not received any credit for time served from the BOP.  He thus requests a limited remand for the district court to clarify whether it would impose the same sentence knowing it lacks authority to order credit for time served.  Again, because Montero did not raise this issue below, our review is for plain error.  *See Puckett*, 556 U.S. at 135.

Under certain conditions, a defendant is entitled to credit toward his federal sentence for time spent in official detention prior to the date of his federal sentence.  18 U.S.C. § 3585.  However, the sentencing court is not authorized to order credit for time served.  *United States v. Taylor*, 973 F.3d 414, 418–19 (5th Cir. 2020).  Instead, only the Attorney General, through the BOP, is authorized to order credit for time served and does so "as an administrative matter when imprisoning the defendant."  *United States v. Wilson*, 503 U.S. 329, 335 (1992).[3]  The district court can nevertheless fashion a sentence that takes into consideration the time served by a defendant because sentencing courts "retain residual authority to reduce defendants' sentences based on previous time served related to their offenses."  *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017); *see* U.S.S.G. § 5G1.3(b); U.S.S.G. § 5K2.23.  Thus, the proper way for the district court to take into

---

[2] The Government agrees that the district court lacked authority to order credit for time served.

[3] The BOP's procedures for calculating credit under 18 U.S.C. § 3585 are set out in its Sentence Computation Manual. *See* U.S. Dep't of Justice, Fed. Bureau of Prisons Program Statement No. 5880-28 (July 20, 1999); *see also In re U.S. Bureau of Prisons*, 918 F.3d 431, 438–39 (5th Cir. 2019).  A prisoner who believes the BOP has failed to calculate credit correctly may seek "administrative review of the computation of [his] credits" or "judicial review of the[] computations after exhausting [his] administrative remedies."  *Wilson*, 503 U.S. at 335.

account time served is to "reduce[] [a defendant's] sentence accordingly and note[] the reason for the reduction in the judgment." *Taylor*, 973 F.3d at 419.

But that is not an option for the district court here. Because Montero is subject to a mandatory minimum sentence of 120 months and is ineligible for safety-valve relief, the district court does not have authority to depart downward below his statutory-minimum sentence, even to adjust for time served.[4] *See Smith v. McConnell*, 950 F.3d 285, 288–89 (5th Cir. 2020) (per curiam). Given this constraint, there is no "reasonable probability"—or even a possibility—"that, but for the error, [Montero] would have received a lesser sentence." *United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012). Thus, Montero cannot make the showing required for plain error.

The district court was not authorized to order credit for time served, so we modify the judgment to strike that provision. In all other respects, we AFFIRM the district court's sentence. Montero's pro se motion for new counsel, which was previously carried with the case, is DENIED. *See United States v. Wagner*, 158 F.3d 901, 902–03 (5th Cir. 1998).

AFFIRMED AS MODIFIED.

---

[4] The Government suggests that we could also grant a limited remand for the district court to consider whether "to amend [Montero's] sentence *nunc pro tunc* to order that it run concurrently with any time in state incarceration." But Montero does not request this relief. Even if he had, Montero cannot make the proper showing for plain error, as there is no indication in the record that the district court was unaware at the time of sentencing that it had discretion to order that the federal sentence run concurrently to any state sentence resulting from Montero's then-pending state charges.