# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 23-30651

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Devon Zeno,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CR-36-1

———————————————————————————

Before Dennis, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Defendant Devon Zeno pleaded guilty in both state and federal court for possessing a firearm as a convicted felon. On appeal, Zeno contends that the district court erred by declining to credit Defendant the full length of his previous imprisonment under U.S.S.G. § 5G1.3(b). Because the district court incorrectly calculated the guidelines range, we vacate and remand for resentencing.

—————————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30651

## I.

On October 19, 2019, Zeno was found in possession of a firearm. Three years later, on November 17, 2022, Zeno pleaded guilty to possessing a firearm as a convicted felon in Louisiana state court and was sentenced to eight years of hard labor. On February 15, 2023, Zeno was also federally indicted for the same conduct, in violation of 18 U.S.C. § 922(g)(1). Zeno pleaded guilty through a written plea agreement.

The presentence report states that Zeno's total offense score was 12, and the criminal history category score was IV. Together, these scores amounted to an advisory guidelines range of 21 to 27 months of imprisonment. Neither party filed objections to the PSR, but Zeno submitted a sentencing memorandum requesting that the district court reduce his sentence under § 5G1.3(b) by 20 months—the amount of time he spent in state custody.

On September 8, 2023, the district court sentenced Zeno to a term of 22 months of imprisonment. Starting at the upper end of the guideline range at 27 months, the district court subtracted five months, pursuant to § 5G1.3(b), resulting in a final sentence of 22 months. The five months accounted for the period from March 21, 2023 to September 8, 2023 for which Zeno was held in federal custody. In response to a clarification question asked by Zeno's counsel, the district court explained that it had "taken into consideration how much time [Zeno has] served" and chose not to upwardly depart from the guidelines, even though "this ordinarily might be a case where [it] would depart." Zeno did not explicitly object to the sentence at the hearing. Zeno timely appealed.

## II.

The parties disagree on the applicable standard of review to this case. We generally review a district court's application of the sentencing

guidelines de novo. *United States v. Olarte-Rojas*, 820 F.3d 798, 801 (5th Cir. 2016). But the Government asserts that Zeno did not properly preserve this argument before the district court, and therefore we must review for plain error instead. *See United States v. Delgado*, 672 F.3d 320, 328 (5th Cir. 2012) (plain error review for unpreserved issues). Conversely, Zeno argues that the arguments set forth in his sentencing memorandum sufficiently preserved the issue. We agree.

To preserve an issue, "an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) (citing *United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000)). "[T]he objection and argument on appeal need not be identical; the objection need only give the district court the opportunity to address the gravamen of the argument presented on appeal." *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017) (cleaned up).

While Zeno did not object at his sentencing hearing, he clearly raised the § 5G1.3(b) issue in his sentencing memorandum. Specifically, the sentencing memorandum states that the application of § 5G1.3(b) should credit Zeno with 20 months—the amount of time he would have already served by August 2023. And this would adjust his initial guideline range of 21 to 27 months to a guideline range of 1 to 7 months. In addition, at the sentencing hearing, the district court acknowledged that it reviewed the sentencing memorandum.

Accordingly, we find this sufficient to put the district court on notice of the argument and thus preserve the issue for appeal, even if Zeno did not explicitly renew his position at the sentencing hearing. Thus, de novo review is appropriate here.

### III.

Under 18 U.S.C. § 3585(b), a defendant shall receive credit toward his federal sentence for any time he has spent in official detention prior to the date of the sentence commences, if the time has not been credited against another sentence. This authority to calculate and award time belongs only to the Attorney General, through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A sentencing court is not authorized to calculate credit for time spent in official detention. *United States v. Taylor*, 973 F.3d 414, 418–19 (5th Cir. 2020).

But if the Bureau of Prisons will deny a defendant credit, U.S.S.G. § 5G1.3(b) permits a sentencing court to reduce a defendant's sentence based on previous time served if the offenses are related. Specifically, § 5G1.3(b) states:

> (b) If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> > (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> >
> > (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

§ 5G1.3(b).

Zeno argues that the district court erred by declining to credit Zeno the full 20 months under § 5G1.3(b). He purports that the district court misunderstood that the Bureau of Prisons would credit him further, citing the court's statement at sentencing that it would only be crediting the five months that the Bureau of Prisons wouldn't cover. In response, the Government contends that § 5G1.3(b) does not mandate the district court to credit Zeno the full 20 months. It cites *United States v. Booker*, where the Supreme Court held that the sentencing guidelines are merely advisory in nature. 543 U.S. 220, 245 (2005).

While *Booker* rendered the guidelines advisory, district courts are still required to consider the guidelines and calculate the guidelines range correctly before making their decisions. In fact, "the [g]uidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Our court has affirmed in several unpublished opinions that *Booker* does not permit courts to just avoid § 5G1.3(b) altogether without considering it in its sentencing determination. *See, e.g.*, *United States v. Figueroa*, 215 F. App'x 343, 344 (5th Cir. 2007) (noting that *Booker* "does not allow them to bypass a provision of the guidelines, which still provide an anchor for our evaluation of a sentence's reasonableness"); *United States v. Estrada*, 312 F. App'x 664, 667 (5th Cir. 2009) ("[T]he court was still required to consider that subsection as part of its determination of a reasonable sentence.").

Here, unlike in *Figueroa*, the district court clearly noted at the sentencing hearing that it took § 5G1.3(b) into account when it decided to reduce Zeno's sentence by five months. It also explicitly stated that it chose not to upwardly depart from the guidelines given its recognition of Zeno's time spent in state custody and reviewed Zeno's sentencing memorandum prior to making its sentencing decision. These statements show that the district court *did* consider § 5G1.3(b) and whether to credit time served.

No. 23-30651

But while the district court considered § 5G1.3(b), it did not calculate the guidelines range correctly before making its sentencing decision. At sentencing, the district court stated that there were only "five months that BOP will not credit" to Zeno, pointing to the five-month period that Zeno was held in federal custody. Such calculation does not account for the 20 months that Zeno served in state custody for the same offense. This time would not have been credited by Bureau of Prisons because it was "already credited toward a state sentence." *Smith v. McConnell*, 950 F.3d 285, 288 (5th Cir. 2020) (citing *Stevens v. United States*, 470 F. App'x 303, 303 (5th Cir. 2012)). Accordingly, the district error committed procedural error. *See United States v. Richardson*, 676 F.3d 491, 508 (characterizing the improper calculation of the guidelines range as procedural error). And this error was not harmless, as the erroneous calculation influenced the district court's sentencing determination. *See United States v. Alfaro*, 30 F. 4th 514, 520 (5th Cir. 2022) (procedural error in calculating guidelines range requires remand unless harmless).

For this reason, we vacate and remand for resentencing.