# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2013

No. 12-41112

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO MALDONADO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-175-1

Before SMITH, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Antonio Maldonado appeals the sentence imposed by the district court following his guilty-plea conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The parties agree the district court erred in the manner in which it provided for the commencement of the sentence. They also agree that this court should, and we hereby do, VACATE his sentence and REMAND to the district court for further proceedings. We also AFFIRM the judgment of conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4

No. 12-41112

FACTS

On November 29, 2011 Corpus Christi, Texas police officers, responding to a residential shooting, discovered a firearm in Maldonado's vehicle. They arrested him. Maldonado was on parole for two prior state convictions at the time of his arrest. An indictment, filed March 14, 2012, charged Maldonado with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Because Maldonado was in state custody at the time the federal arrest warrant was issued, he was taken into federal custody on March 22, 2012 via a writ of habeas corpus ad prosequendum.

Maldonado pled guilty to the one-count indictment at re-arraignment on May 21, 2012. During this proceeding, the district court advised him that his penalty range included a ten-year maximum term of imprisonment. Yet the Assistant United States Attorney ("AUSA") stated, prior to the plea, that Maldonado could qualify as an armed career criminal.

At sentencing on September 25, 2012, the court announced that its reference to a ten-year maximum term of imprisonment at re-arraignment was incorrect. Instead, pursuant to the Pre-Sentence Investigation Report, Maldonado qualified as an armed career criminal within the meaning of U.S.S.G § 4B1.4, and 18 U.S.C. § 924(e), mandating a sentence of no less than 15 years' imprisonment. The court offered Maldonado the opportunity to withdraw his plea. He declined.

Defense counsel then requested that the court resolve the matter by imposing the 15-year sentence but have the judgment reflect that the sentence would run concurrently with the yet-to-be-imposed revocation of parole.

No. 12-41112

Further, the Texas Department of Criminal Justice would be designated as the place of incarceration, and the federal sentence would be designated as having commenced on November 29, 2011, which was when Maldonado was first taken into state custody.  When the court asked the Government to state its position, it stated: "Your honor, we would just recommend the minimum mandatory.  As to whether or not Your Honor chooses to directly assist in the parole revocation, I believe that's at the discretion of the Court, but we just recommend the minimum mandatory."

The court concluded that defense counsel's recommendation was "a reasonable resolution in this matter."  Accordingly, the judgment stated Maldonado would be imprisoned for a term of 180 months (15 years) to "be served concurrently with any state sentence beginning on November 29, 2011," and "designate[d] the Texas Department of Criminal Justice for the defendant's service of sentence."  This timely appeal followed.

## DISCUSSION

Both parties agree that the district court's sentence should be vacated and remanded.  Specifically, Maldonado contends the wording of the judgment does not carry out the court's intent to give him credit for time spent in state custody, beginning November 29, 2011.  He further contends the judgment was ineffectual because the court lacks the authority to give credit for time spent in state custody.  *See United States v. Wilson*, 503 U.S. 329, 333-37 (1992).  The Government agrees, and also notes in its briefing that the court additionally lacks the authority to designate where the sentence would be served, as both determinations are reserved for the Bureau of Prisons ("BOP") under 18 U.S.C. § 3585(b).  *See id.*

No. 12-41112

It is undisputed that the district court was operating under a mistake of law by attempting to award Maldonado credit for the time he spent in state custody by designating the commencement date of the federal sentence. Indeed, a federal sentence commences on the date the defendant is received into federal custody, which here was not until March 22, 2012. *See* 18 U.S.C. § 3585(a). Although Maldonado, under Section 3585(b), is entitled to credit toward his federal sentence for time spent in official detention prior to the date his federal sentence commences that has not been credited against another sentence, only the Attorney General, through the BOP, is authorized to make calculations under Section 3585. *See Wilson*, 503 U.S. at 333-37.

The parties were also clearly operating under the same mistake of law as the district court when defense counsel suggested the sentence adopted by the district court and the Government did not object. In light of that error, we conclude that it is proper to adopt the request of both parties and vacate the district court's sentence.

We AFFIRM Maldonado's conviction, VACATE his sentence, and REMAND to the district court for further proceedings.