# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40055

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

URI SALIM BENAVIDES-HERNANDEZ,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-212-1

Before REAVLEY, DAVIS, and HIGGINSON, Circuit Judges.

PER CURIAM:*

On February 15, 2012, immigration authorities discovered Uri Salim Benavides-Hernandez in a county jail in Cameron, Texas, awaiting trial on state charges. He pleaded guilty to the state charges and was sentenced to 120 days imprisonment, with credit for time served. On March 2, 2012, Benavides-Hernandez completed his state sentence and law enforcement transferred him to federal custody.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40055

On March 13, 2012, a federal grand jury indicted Benavides-Hernandez with being unlawfully present in the United States after deportation under 8 U.S.C. § 1326(a) and (b)(2). The indictment lists February 15, 2012 as the date Benavides-Hernandez was "found in" the United States. On April 24, 2012, he pleaded guilty to the indictment. Probation calculated Benavides-Hernandez's sentencing guidelines range as seventy to eighty-seven months imprisonment.

On December 11, 2012, at the sentencing hearing, the government moved for a downward departure based on Benavides-Hernandez's substantial assistance with ongoing criminal investigations. The court granted the government's motion, resulting in a guidelines range of forty-seven to fifty-eight months imprisonment. Defense counsel then requested that Benavides-Hernandez receive credit for the time he spent in state custody from October 29, 2011, the date he was first incarcerated on the state charges. The court did not immediately respond to his request. Rather, the court went on to consider a number of sentencing factors and sentenced Benavides-Hernandez to fifty-eight months imprisonment. The district court also revoked the term of supervised release Benavides-Hernandez was serving for a prior conviction and sentenced him to twelve months imprisonment on each of the two violations, to run concurrently with each other but consecutive to the fifty-eight month sentence for the instant offense. At the conclusion of the hearing, when defense counsel reminded the court of his earlier request for credit, the following exchange took place:

MR. AMADOR: Your Honor, he did ask about the request for the credit for October?

THE COURT: Oh, yeah. What does the Indictment allege? What date?

MR. AMADOR: Indictment alleges February, Your Honor.

THE COURT: Then, it's going to be through February, beginning February.

2

No. 13-40055

The written judgment lists a sentence of fifty-eight months imprisonment and states: "The Court further recommends the defendant be given credit for time served beginning February 15, 2012."

On appeal, Benavides-Hernandez contends that there is a discrepancy between the court's written judgment and oral pronouncement at sentencing. He asserts that while the court orally awarded him credit beginning February 15, 2012, the written judgment includes only a non-binding recommendation for credit.[1]

"A defendant has a constitutional right to be present at sentencing." *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). As a result, "when there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls." *Id.* When the difference between the two merely creates an ambiguity, we look to the intent of the sentencing court, as evidenced by the record. *Id.*

District courts do not have statutory authority to award credit against federal sentences for time spent in state custody under 18 U.S.C. § 3585(b). *United States v. Wilson*, 503 U.S. 329, 333-37 (1992).[2] Rather, § 3585(b) authorizes the Attorney General, through the Bureau of Prisons, to calculate credit. *Id.* District courts can, however, in certain circumstances, account for a defendant's time in state custody by reducing the defendant's sentence and stating the reasons for the reduction on the record. *See United States v.*

---

[1] The parties dispute whether this court's review is *de novo* or for abuse of discretion. This court need not resolve this dispute as the outcome would be the same under either standard.

[2] Section 3585(b) provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

*Barrera-Saucedo*, 385 F.3d 533, 537 (5th Cir. 2004) ("[I]t is permissible for a sentencing court to grant a downward departure to an illegal alien for all or part of time served in state custody from the time immigration authorities locate the defendant until he is taken into federal custody.").

In this case, the difference between the court's written judgment and oral pronouncement creates ambiguities as to whether and how the court intended to account for Benavides-Hernandez's time in state custody. First, it is unclear whether the court intended to issue a binding order, or merely a non-binding recommendation, to account for this time. Second, it is unclear from the oral pronouncement, if the court intended to issue a binding order, how the court intended to account for this time. To the extent that the court intended to award Benavides-Hernandez credit, it was not authorized to do so. *See Wilson*, 503 U.S. at 333-37; *see also United States v. Maldonado*, No. 12-41112, 2013 WL 4018666, at *2 (5th Cir. Aug. 8, 2013) (unpublished) (remanding for resentencing where the district court attempted to award credit for time spent in state custody); *United States v. Coffman*, 178 F. App'x 389, 392 (5th Cir. 2006) (unpublished) (same).

The record does not clarify the district court's intent. In light of the ambiguity in the record, the best course is to vacate Benavides-Hernandez's sentence and remand for resentencing. *See e.g.*, *United States v. Garcia-Ortiz*, 310 F.3d 792, 795 (5th Cir. 2002) (remanding for reconsideration of a sentence where the record did not reveal the district court's intent).

We VACATE Benavides-Hernandez's sentence and REMAND for resentencing consistent with this opinion.