# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2024

Lyle W. Cayce
Clerk

No. 22-51077

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Gonzales,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-646-1

_____

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

After pleading guilty without a plea agreement to possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm by a felon , Defendant Christopher Gonzales was sentenced to a consecutive total of 151 months of imprisonment.  On appeal, Gonzales argues that the district court procedurally and substantively erred regarding Gonzales's

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentence and raises for the first time constitutional arguments against his conviction under 18 U.S.C. § 922(g)(1). Although we reject Gonzales's constitutional arguments because they are subject to plain error review, we hold that the district court plainly erred by failing to clarify whether the time Gonzales served before sentencing qualified toward his federal sentence. As such, we REMAND to the district court to clarify Gonzales's sentence.

## I. Background

Christopher Gonzales pleaded guilty without a plea agreement to possession of a firearm in furtherance of a drug trafficking crime (count two) and possession of a firearm by a felon (count three), all in connection to a search warrant that was executed on Gonzales's residence in May 2019. Under the advisory sentencing guidelines in the presentence report (PSR), Gonzales's guideline range for count three was 57 to 71 months, which he was to serve consecutively with the five-year statutory minimum sentence for count two. *See* 18 U.S.C. § 924(c)(1)(D)(ii). The PSR also noted that Gonzales had pending charges in San Antonio, Texas, in Bexar County for aggravated robbery and evading arrest, all stemming from an incident in late April 2019. These offenses were considered relevant conduct for the purpose of evaluating Gonzales's sentencing recommendation, and Gonzales was charged in count one of the federal indictment based on the April 2019 incident. Gonzales apparently also had pending drugs and firearms charges in Medina County for the facts surrounding the May 2019 offenses he was federally convicted for.

Before sentencing, the Government filed a memorandum requesting an upward departure based on Gonzales's conduct of pointing firearms at people and firing numerous shots in a populated area. The district court ultimately imposed an upward variance based on Gonzales's "extreme conduct" and sentenced him to 60 months of imprisonment on count two

and 91 months of imprisonment on count three, to be served consecutively, for a total of 151 months of imprisonment; five years of supervised release for count two and three years of supervised release for count three, to be served concurrently; and a $200 special assessment. Defense counsel objected to the upward variance.

After the court announced the sentence, Gonzales's counsel noted Gonzales was in court based on a writ from Medina County. Gonzales's counsel then asked if the district court agreed that the time he spent in custody—from his May 10, 2019, arrest through sentencing on December 8, 2022—should count toward his federal sentence. The subsequent exchange between Gonzales's counsel and the district court was as follows:

> THE COURT: Oh yes. Most definitely. *But the Bureau of Prisons will make that calculation and determination. But as far as I'm concerned, it should count. Yes.*
>
> COUNSEL: Okay, I will verify his status. I believe he's here on a writ. And if that's the case, may I work with Government Counsel and [the Probation Officer] to get the proper language in that the Bureau of Prisons needs?
>
> THE COURT: Right. *And so that if you can get it to the point that that time counts, that will be okay by me.*

The next day, the district court signed the judgment, which states that "[i]t is further the Court's intention that the defendant receive credit pursuant to U.S.S.G. [§] 5G1.3(d) on the Medina County Sheriff's Office arrest for this offense beginning on May 10, 2019."

This court granted Gonzales's unopposed motion to supplement the record on appeal with state records showing that Gonzales was indicted and convicted for the aggravated robbery and sentenced to 14 years of imprisonment in Bexar County, Texas, relating to the offense that occurred in April 2019. The state judgment states, "This sentence shall run concurrent with

No. 22-51077

5:19-CR-00646-OLG-1 in the Western District of [Texas]." Gonzales is currently in the custody of the Texas Department of Criminal Justice on the aggravated robbery conviction and his projected release date is May 2, 2033.[1]

## II. Standard of Review

Gonzales's arguments regarding the district court's procedural errors[2] and his constitutional objections are subject to plain error review because he did not raise them in the district court. *See United States v. Peterson*, 977 F.3d 381, 392 (5th Cir. 2020); *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). To demonstrate plain error, Gonzales must show that (1) there is an error; (2) the error is clear or obvious; and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error but will do so only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). An error is not clear or obvious where an issue is subject to reasonable dispute, or where there is an absence of controlling authority. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230–31 (5th Cir. 2009).

## III. Analysis

Gonzales argues that the district court plainly erred in failing to apply § 5G1.3(c) of the Sentencing Guidelines, which requires the district court to order a sentence to be served concurrently with an anticipated sentence imposed for relevant conduct. U.S.S.G. § 5G1.3(c). We disagree.

---

[1] *See Inmate Information Details*, Tex. Dep't of Crim. Just (last visited Jan. 29, 2024), https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=08477106.

[2] Because we hold that the district court procedurally erred in imposing Gonzales's sentence, we do not reach the issue of whether it substantively erred.

If "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction," the sentence on the instant offense "shall" be imposed to be served concurrently to the anticipated state term of imprisonment. § 5G1.3(c). As the Sentencing Guidelines make clear, concurrent sentencing is typically appropriate where a state sentence is "based on conduct 'relevant' to the federal offense." *United States v. Ochoa*, 977 F.3d 354, 356 (5th Cir. 2020); *see also* U.S.S.G. § 5G1.3(c). Nevertheless, federal courts generally have discretion to order sentences to run concurrently with or consecutively to state sentences that have not yet been imposed, subject to consideration of the Sentencing Guidelines and other sentencing factors. *See Setser v. United States*, 566 U.S. 231, 236, 240 (2012).

In *United States v. Johnson*, 760 F. App'x 261, 266 (5th Cir. 2019), this court determined that "[t]he question whether a district court 'anticipates' a state sentence when state charges are not yet filed is one of first impression in this circuit." *Johnson* then held, consistent with our precedent, that when an issue of first impression is involved, any error is not clear or obvious. *Id.* Gonzales has not located a subsequent case in which this court has specifically addressed the meaning of the term 'anticipated.' Because the issue whether the state sentence was anticipated at the time of his federal sentencing is subject to reasonable dispute, Gonzales cannot show that the district court made an error that was clear or obvious. *See Puckett*, 556 U.S. at 135; *see also Rodriguez-Parra*, 581 F.3d at 230–31.

Nonetheless, the district court did plainly err in imposing a sentence that does not clearly effectuate its intent because there appears to be an ambiguity between the district court's oral statements at the sentencing hearing and the written judgment. At the sentencing hearing, the district court appeared to agree with Gonzales's counsel that Gonzales should get credit for the time he had already spent in custody and agreed to allow defense counsel

No. 22-51077

to work with the Government to get the proper language in the judgment for the BOP. The district court also stated that the Bureau of Prisons would make that determination. This court, however, has already held that district courts lack "the authority to award or deny credit" and cannot bind the Bureau of Prisons to make decisions regarding time-served credits. *In re U.S. Bureau of Prisons, Dep't of Just.*, 918 F.3d 431, 439 (5th Cir. 2019).

The written judgment expressly states that it is the court's intention "that the defendant receive credit pursuant to U.S.S.G. [§] 5G1.3(d) on the Medina County Sheriff's Office arrest for this offense beginning on May 10, 2019." While Section 5G1.3(d) allows for a sentence to be imposed concurrently, partially concurrently, or consecutively to a prior undischarged term of imprisonment, the written judgment does not clarify how § 5G1.3(d) should be applied. Additionally, the record does not contain evidence that Gonzales was serving an undischarged term of imprisonment on the Medina County charges; thus, it is unclear what effect, if any, the language in the written judgment would have on Gonzales's sentence. These ambiguities create an obvious error that affects Gonzales's substantial rights, as they affect whether he must serve 43 months in prison. *See United States v. Jones*, 811 F. App'x 872, 874–75 (5th Cir. 2020); *United States v. Benavides-Hernandez*, 548 F. App'x 278, 280 (5th Cir. 2013).

Gonzales's Second Amendment argument is based on *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). Our court has already held that such a plain error challenge to § 922(g)(1) is unavailing because, given the current state of the caselaw, it is not clear or obvious that § 922(g)(1) is unconstitutional. *See United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023). We are bound by this circuit precedent, and we apply it here.

Gonzales also raises a Commerce Clause challenge to § 922(g)(1), arguing that it is unconstitutional because it exceeds Congress's authority under the Commerce Clause. This circuit has consistently upheld the constitutionality of § 922(g)(1) under the Commerce Clause and has described the statute as "a valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).

\* \* \*

We AFFIRM Gonzales's conviction on the § 922(g)(1) charges, but REMAND to the district court to clarify its intent with regards to Gonzales's sentence.