# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30134

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2018

Lyle W. Cayce
Clerk

ELADIO CRUZ, Individually and on Behalf of his Minor Child,

> Plaintiff

v.

TRACY FULTON,

> Defendant - Appellee

v.

LOUIS R. KOERNER,

> Movant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2015

Before STEWART, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

In a contempt order against counsel in the underlying litigation, the district court ordered Louis R. Koerner, plaintiff's lead counsel, "to pay all of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30134

the fees, costs, and expenses incurred by the defendant, Tracy Fulton, from September 3, 2014 up to September 28, 2016," holding him in "in civil contempt of Court, in violation of 28 U.S.C. § 1927 and Rule 11 of Federal Rules of Civil Procedure."   The district court then administratively closed the case until Koerner complied.   Koerner seeks appellate review of that order.   Koerner is unhappy that the district court retired his case to the administrative files until he satisfies the monetary fees imposed on him, and he urges us to assert appellate jurisdiction over the contempt order and reverse the district court. On the other hand, Tracy Fulton, the defendant, is quite content to leave matters as they stand and consequently urges that we have no appellate jurisdiction to review the non-final order.   Because the district court did not quantify the sanction to a sum certain, we hold that we do not have appellate jurisdiction over this particular order of contempt and thus dismiss this appeal.

I.

In determining appellate jurisdiction to review this contempt order, we begin with the premise that this court has jurisdiction to review final decisions of the district court under 28 U.S.C. § 1291. *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809 (5th Cir. 1993).   Furthermore, a civil-contempt order against a *party* is not a final order and is not immediately appealable, *Fox v. Capital Co.*, 299 U.S. 105, 107–08 (1936), but "[t]he right of a *nonparty* to appeal an adjudication of contempt cannot be questioned" under § 1291, *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) (emphasis added).[1]   "On the other hand, an adjudication of *criminal* contempt

---

[1] *See also Port Drum Co. v. Umphrey*, 852 F.2d 148, 150 n.2 (5th Cir. 1988); *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 398 (5th Cir. 1987); *Thyssen, Inc. v. S/S Chuen On*, 693 F.2d 1171, 1173 n.2 (5th Cir. 1982); *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1352 n.1 (5th Cir. 1978); *Sanders v. Monsanto Co.*, 574 F.2d 198, 199 (5th Cir. 1978); *S.E.C. v. Amerifirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 5191896, at *4 (N.D. Tex. Dec. 11, 2008).

2

is a final judgment and the contemnor, whether a party or non-party, may obtain immediate review by appeal." *S. Ry. Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1968) (emphasis added) (citing *Union Tool Co. v. Wilson*, 259 U.S. 107 (1922)). *See generally* 15B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3917 (2d ed.) ("Final contempt adjudications, imposing sanctions, are deemed appealable as final decisions in all situations other than that of civil contempt against a party to a pending proceeding.").

It is clear that the sanctions here are against a nonparty, although labeled by the district court as civil in nature. Fulton contends that, notwithstanding whether Koerner is a nonparty or whether the contempt order is criminal, the instant contempt order is not a final reviewable order because the sanctions have not been assessed in a dollar amount. *See Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998) ("Normally, an unquantified award of attorney's fees does not constitute a final appealable order pursuant to 28 U.S.C. § 1291."); *S. Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 131 (5th Cir. 1993) ("[A]n order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain."). On the record before us, we agree that the failure to quantify the award bars our jurisdiction to review the order. Future disputes on the fees are likely, requiring district court involvement to decide the reasonableness of Fulton's fees in this contentious litigation. So exercising jurisdiction now surely risks a second appeal of the same order. For these reasons, the instant contempt order does not yet constitute a final appealable order pursuant to § 1291.

Nevertheless, Koerner offers two arguments that the lack of a sum certain in this appeal does not bar appellate jurisdiction. First, although acknowledging that the dollar amount of sanctions has not been determined, he points to Local Rules 54.2 and 54.3 and argues that Fulton failed timely to move for attorney's fees and to certify any costs, thus denying the procedural

authority of the district court to calculate a sum certain pursuant to an untimely motion.  First, this argument ignores that "[c]ourts have broad discretion in interpreting and applying their own local rules." *Colonial Freight Sys., Inc. v. Adams & Reese, LLP.*, No. 11-1755, 2013 WL 453203, at *1 (E.D. La. Feb. 4, 2013) (quoting *In re Matter of Adams*, 734 F.3d 1094, 1102 (5th Cir. 1984)).  But even assuming that the language of such local rules is pliable enough to fit this case, it is clear that Local Rule 54.2 applies where a party seeks attorney's fees after judgment, and that Local Rule 54.3 comes into play where judgment is entered for a party who is allowed costs.  To the point, neither Rule is applicable here.

Second, Koerner says that the contempt order is appealable as a collateral order, meaning that the order "(1) conclusively determined the disputed question; (2) resolved an important issue separate from the merits of the case; and (3) is effectively unreviewable on appeal from a final judgment." *In re Deepwater Horizon*, 793 F.3d 479, 484 (5th Cir. 2015).  We initially note that the Supreme Court "ha[s] consistently eschewed a case-by-case approach to deciding whether an order is sufficiently collateral." *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 206 (1999); *see also Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) ("[T]he issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs . . . .").

As we have explained above, irrespective of the collateral-order doctrine, contempt orders are considered under their own regime and, in some cases, can be immediately reviewable or, in other cases, reviewable only from a final judgment in the underlying litigation.  In short, this claim belongs in the category of contempt orders. *See, e.g.*, *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 899 (5th Cir. 2000) (holding that discovery orders are not appealable under the collateral-order doctrine because the

subject of the order "may resist that order, be cited for contempt, and then challenge the propriety of the discovery order in the course of appealing the contempt citation"). And even if we concluded that the collateral-order doctrine was applicable to the instant order, we would not assert jurisdiction. The order must conclusively determine the disputed question, and here, the dollar amount of contempt sanctions remains yet to be determined. There is still work for the district court to do in connection with the order before us.

## II.

In sum, we lack appellate jurisdiction over the contempt order at issue because the fees and costs awarded have not yet been determined. We make no suggestion about our jurisdiction once the monetary sanction has been resolved. Fulton's Rule 38 motion for damages and costs is denied. This appeal is

DISMISSED.