# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30401
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY JOSEPH FELIX,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CR-187-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Anthony Joseph Felix pleaded guilty to attempting to possess with intent to distribute a controlled substance. At sentencing, Felix's defense counsel informed the district court that Felix served a year-long state court sentence for the same conduct that resulted in the instant conviction. He requested that the court take into account the fact that Felix "was prosecuted in state court and pled guilty there also and has now discharged that term of imprisonment."

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30401

The Government agreed that Felix had been in custody since April 25, 2018, and stated that it had no objection to crediting him with time served. The district court sentenced Felix to 96 months of imprisonment and ordered that he was to receive full credit for his time served since April 25, 2018. Likewise, the judgment committed Felix to a 96-month term of imprisonment "with time served since April 25, 2018."

As Felix argues, and the Government concedes, the district court failed to effectuate its intended sentence because it lacked authority to award Felix credit for time served on his discharged state term of imprisonment. The parties also agree that, absent the error, there is a reasonable probability that the district court would have fashioned a shorter sentence to account for Felix's prior time served.

"The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). Federal law "does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 334 (1992). Thus, "the district court must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit." *In re U.S. Bureau of Prisons*, 918 F.3d 431, 439 (5th Cir. 2019). "Sentencing courts, however, retain residual authority to reduce defendants' sentences based on previous time served related to their offenses." *See United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017); *see also* U.S.S.G. § 5G1.3 & comment. (n.5); U.S.S.G. § 5K2.23, p.s.

Regardless of the standard of review, resentencing is warranted in these circumstances. Therefore, we VACATE the sentence and REMAND for the district court to clarify its intended sentence by considering whether to

fashion—through an adjustment, a departure, a shorter within-guidelines term of imprisonment, or a variance—a sentence that accounts for Felix's time served.