# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2020

No. 19-30406

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LOUIS JONES,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CR-211-1

Before OWEN, Chief Judge, and HIGGINBOTHAM and WILLETT, Circuit Judges.

PER CURIAM:*

When sentencing Louis Jones, the district court ordered the Bureau of Prisons to give him credit for time served in state custody. But the district court lacked the authority to order BOP to reduce Jones's sentence. Jones appealed, arguing that his sentence should be vacated and the case remanded so the district court can decrease his sentence by another means. We agree, VACATE the district court's sentence, and REMAND for resentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30406

I

Jones was arrested in June 2018 on state charges of being a felon in possession of a firearm. He remained in state custody until September 2018 when he pleaded guilty, and the state court deferred sentencing to allow Jones to attend a treatment program. Before he could begin the program and leave state custody, a federal court indicted Jones for the same conduct and issued a writ of habeas corpus *ad prosequendum*, transferring him to federal custody. Jones eventually pleaded guilty to these federal charges. Under the federal sentencing guidelines, his imprisonment range was 27–33 months with a statutory maximum of 10 years. Neither party objected to this range as calculated in the pre-sentence report.

At sentencing, Jones's counsel requested that Jones receive a sentence to the same treatment program "where he was sentenced in state court[.]" Jones's counsel also requested "about an 11 month adjustment" to Jones's sentence because Jones had already been in state and federal custody that long. The Government objected to a "time served sentence" but was otherwise amenable to the district court awarding Jones "credit for time that he's served." Jones's counsel asked the district court to give Jones this credit through a downward variance from his Guidelines sentence.

The district court sentenced Jones to 27 months in prison and three years of supervised release. The court also ordered "that [Jones] receive credit for time served" since his arrest. But the court's written judgment did not mention credit for time served.

Jones did not object to his sentence when the court pronounced it, but now appeals. He argues that the district court failed to sentence him in a format that achieved its intent to give Jones credit for his time spent in state and federal custody. *United States v. Jenkins*, 38 F.3d 1143, 1144 (5th Cir. 1994) (holding that a district court does not have jurisdictional authority to

grant credit for time served). Jones argues that the district court could have accomplished this goal by instead deviating downward from Jones's Guidelines range, as his counsel suggested. *See* U.S. Sentencing Guidelines Manual § 5G1.3 (2016). He asks us to vacate and remand so the district court can consider reducing his sentence by this alternative means.

The Government argues that U.S.S.G. § 5G1.3(b), the basis Jones's counsel provided at sentencing for a downward variance, does not apply because Jones has not yet been sentenced for state charges. The Government concedes that the district court erred by ordering the BOP to credit Jones for time served, yet asks us to find that Jones's counsel invited this error by characterizing Jones's treatment program as part of his state sentence.

We must therefore decide whether to allow the district court's sentence to stand according to its expressed aims, despite its ineffectual structure.

## II

Interpretation of the Guidelines is a question of law, reviewed de novo. *United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994). We review timely raised questions of proper Guidelines application by that standard. But because Jones failed to timely object to the district court's orally pronounced sentence and order of credit for time served, we review his argument about his sentence's format for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). We have discretion to vacate and remand based on plain error when the appellant shows that the district court clearly or obviously erred in a way that "affected the appellant's substantial rights." *Id.* We may exercise that discretion only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and quotation marks omitted).

The Government asks us to review the format of Jones's sentence for invited error, "an even higher standard than . . . plain error review" under which we do not reverse "absent manifest injustice." *United States v. Salazar*,

751 F.3d 326, 332 (5th Cir. 2014). We review for invited error when a party or their counsel "induced" the district court to commit the error in question. *United States v. Rodriguez*, 602 F.3d 346, 351 (5th Cir. 2010). We "narrowly construe counsel's statements" when determining whether to employ invited error review. *United States v. Franklin*, 838 F.3d 564, 567 n.1 (5th Cir. 2016).

Though the Government argues that Jones's counsel invited the district court's error by suggesting Jones had already been sentenced, Jones's counsel never specifically asked the district court to award Jones credit for time served. Instead, he asked the court to subtract time from Jones's sentence before submitting the matter to BOP. The district court may do the latter, but not the former. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (holding that only the Attorney General and his delegee, BOP, may award credit for prior custody). In fact, the Government was the first party to bring up "credit for time served." And the Government's counsel mentioned during sentencing that the state court had deferred Jones's sentence pending his treatment. The district court should have understood from the Government's statement that Jones's state sentence had not yet begun. So, Jones's counsel did not invite the district court's error by stating that Jones was "sentenced in state court" to a treatment program, and plain-error review applies.

For the purposes of plain-error review, an error is a "[d]eviation from a legal rule." *United States v. Olano*, 507 U.S. 725, 732–33 (1993). The district court deviated from a legal rule in this case by ordering BOP to give Jones credit for time served when it lacked the authority to do so. *In re U.S. Bureau of Prisons*, 918 F.3d 431, 439 (5th Cir. 2019) ("[T]he district court . . . cannot simply order the BOP to award credit."). And this error affected Jones's substantial rights because it "affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734. At sentencing the district court ordered that Jones "receive credit for time served" and stated it would "make it clear

to the Bureau of Prisons" that Jones should receive a sentence below his Guidelines' range.[1]

Jones has met his burden to demonstrate plain error. We must therefore determine whether this error mars the "fairness, integrity or public reputation of judicial proceedings" such that it should be remanded. *Puckett*, 556 U.S. at 135. This involves "a highly fact-specific inquiry." *United States v. Avila-Cortez*, 582 F.3d 602, 605 (5th Cir. 2009). After all, not all instances of plain error deserve remand. *United States v. Reyna*, 358 F.3d 344, 352 (5th Cir. 2004) ("We decline to adopt a blanket rule that once prejudice is found . . . the error invariably requires correction.").

"The possibility of additional jail time . . . warrants serious consideration" when deciding whether to exercise discretion to remand. *Rosales-Mireles v. United States,* 138 S. Ct. 1897, 1907 (2018). The Supreme Court has found that miscalculation of sentence length resulting from a Guidelines' error "particularly undermines" our judicial system "because of the role the district court plays in calculating the range and the relative ease of correcting the error." *Id.* at 1908. Here, the district court sentenced Jones to 27 months based on the assumption that BOP would give Jones credit for time served per the court's judgment. But BOP "is not bound by" the district court when deciding whether to award or deny credit. *U.S. Bureau of Prisons*, 918 F.3d at 439. So, there is a distinct risk that the district court's error will subject Jones to an "unnecessary deprivation of liberty." *Rosales-Mireles*, 138 S. Ct. at 1908. And the district court could easily correct the error on remand. *Id.* at 1908; *see also United States v. Randall*, 924 F.3d 790, 801 (5th Cir. 2019) (remanding when "the appropriate remedy is re-sentencing, which can be

---

[1] The district court did not mention any reduction in sentence in its written judgment. **ROA.80-85.** But when the oral pronouncement of sentence conflicts with the judgment, the pronouncement controls. *United States v. Mireles*, 471 F.3d 551, 557–58 (5th Cir. 2006).

accomplish[ed] fairly quickly and without extraordinary expense"). And we see no countervailing factors that assure us Jones would not receive an overlong sentence barring remand and resentencing.[2]

\* \* \*

The district court ordered BOP to reduce Jones's sentence rather than departing downward. By doing so, the district court plainly erred, and we "cannot confidently say that the district court would have imposed the same [27-month] sentence absent the error[.]" *United States v. Escalante-Reyes*, 689 F.3d 415, 424–25 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted). The district court could fix its mistake easily if given the chance. We exercise our discretion to VACATE the district court's sentence and REMAND for resentencing.

---

[2] The Government urges us to refrain from remanding because U.S.S.G. § 5G1.3(b) does not apply, so remand would be futile. This portion of the Guidelines allows the court to adjust a sentence if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction." U.S.S.G. § 5G1.3(b). Jones's counsel asked for a sentence reduction under § 5G1.3(b) based on time served in state and federal custody, during which Jones's state-level sentencing involving the same criminal conduct was deferred. Because Jones's state term of imprisonment had not begun when he received his federal sentence, argues the Government, the district court could not reduce his sentence on remand through § 5G1.3(b).

The Government is correct. But the district court could instead order a sentence running concurrently with Jones's deferred state sentence. *See* U.S.S.G. § 5G1.3(c) (allowing concurrent sentencing when "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction"). Or, as Jones's counsel originally suggested, the court could depart downward from Jones's within-Guidelines sentence under 18 U.S.C. § 3553(a), citing Jones's time in state custody. We have recognized this route to sentence reduction before. *United States v. Benavides-Hernandez*, 548 F. App'x 278, 280 (5th Cir. 2013) (unpublished) (holding the district court can account for time in state custody "by reducing the defendant's sentence and stating the reasons for the reduction on the record"). Remand would therefore not be futile.