# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 19-30529
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHRISTOPHER W. CHATMAN,

    Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-292-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

In January 2018, Christopher W. Chatman was arrested in a police search of a home containing illegal narcotics. After Chatman bonded out, he was subsequently arrested and pleaded guilty to a state charge of domestic abuse aggravated assault with a firearm. While he was serving his sentence for that state crime, the United States brought a federal charge against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30529

Chatman for possession of a firearm by a felon, stemming from his January 2018 arrest. Chatman pleaded guilty to that crime as well.

At sentencing in the federal case, defense counsel asked the district court to take consideration of the roughly seven months in which Chatman had been in federal custody prior to sentencing, even though Chatman was serving his sentence for his state crime during that time. Chatman's sentencing memorandum proposed that the district court issue a concurrent (or partially concurrent) sentence or deduct Chatman's time in federal custody from his sentence. The district court did neither. Instead it sentenced Chatman to 25 months of imprisonment to "run consecutively to the state court sentence currently being served," but with "credit for time served from the date of arrest on the federal writ, November 9, 2018[,] until June 13, 2019, the date of sentencing, in spite of the fact that defendant is receiving credit for such time on the state court sentence."

The authority to award time-served credits under 18 U.S.C. § 3585(b) rests solely with the Attorney General, through the Bureau of Prisons, which "has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992); *accord Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (per curiam) ("The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences."). Consequently, "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *Wilson*, 503 U.S. at 334. "Sentencing courts, however, retain residual authority to reduce defendants' sentences based on previous time served related to their offenses." *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017); *see* U.S.S.G. § 5G1.3.

No. 19-30529

We agree with Chatman that the district court exceeded its statutory authority by purporting to award him credit for time served. *See Wilson*, 503 U.S. at 334. Furthermore, under the plain text of § 3585(b), credits for time served may be granted only if the time has "not been credited against another sentence." Chatman was receiving credit against his unrelated state sentence for domestic abuse. As such, the probability that the Bureau of Prisons will ignore the district court's award of credit for time served is more than a matter of conjecture. *See In re U.S. Bureau of Prisons*, 918 F.3d 431, 439 (5th Cir. 2019). We therefore disagree with the Government that his claim is unripe. *Cf. United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003). We also disagree with the Government that he invited this error, as defense counsel plainly urged the district judge not to proceed in this manner, and the district judge responded: "I understand. My ruling stands, however."

Regardless of the standard of review, we hold that the district court erred. We therefore VACATE Chatman's sentence and REMAND for resentencing.